May I please the court, C.S. Chen, on behalf of the petitioner. This is an immigration case. The petitioner is a 32-year-old Indonesian Christian at this time. He came to the United States when he was 23 years old at that time, and he never went back to Indonesia because of the past persecution he had suffered based on his religion. An immigration judge defined he had suffered past persecution. However, the judge denied his asylum application based on the fact the judge concluded he suffered the persecution or the violence was not committed by the government, which we disagree because there's a long history in Indonesia that the government was not willing or able to control its fanatic group. And in this regard, respondent petitioner in this case, he had suffered lifelong persecution, discrimination based on his religion. Counsel, what is the evidence in the record, please, that shows the government's unable or unwilling to control this? He did report incidents to the school officials. And he did, I remember if correctly, in one incident is outside the school area, he did report the incident to the police, but none of the officials did anything to issue any help. And it's very common practice in Indonesia that the minorities like Chinese people, Christian people, they have some incidents happen to them, the violence against them, they report to the official, the official is not going to respond, or simply just ask for money to making the report. Counsel, following up on that, excuse me, when you say that the officials did not do anything, didn't they say that they would follow up on things, even though the record doesn't show what was done, didn't they express an intent to do that? That's our impression, that the police or the officials was just kind of not really, they would just say, okay, yes, we are going to take out something, but in reality, they never, or they did not do anything. But the record doesn't show in reality what they did. No, there's no record to show anything. Did the law authorities, did the BIA or the LJ, did they rely upon inappropriate material when they identified, say, the State Department reports concerning what's going on in Indonesia, when they indicated that, yes, there is this discrimination towards non-Muslims, but that there's nothing to indicate that the government was promoting it or participating in it? Was that an unbased reliance? No, Your Honor, that's always the case. There's no official record of showing that the government is issuing or promoting the violence. But the problem is the government is not able or willing to do something to punish those wrongdoers in Indonesia. It has been going on for many, many years. It's not just a couple months, couple years. It's a long history in Indonesia. So where do we draw the line? Where do we find that it's not random, that it's, as you say, ongoing and perhaps pervasive? Yes, Your Honor, I truly believe, I understand what you're asking the question for. I believe the line should draw individually each asylum applicant if they can show that they did suffer past persecution. As the law stated, if you suffer past persecution on one of the five grounds and there's a presumption of a future fear, and in this particular case I'm not talking about other Chinese or Christian people from Indonesia. I'm talking about my client here. He has demonstrated that he did suffer past persecution on his religion. Even the judge agreed to that point. Right, but the question is... Judge Gould, if I could just interject. I thought the question was where do we draw the line as to showing that the government is unable to act? Yes, people did things because he's Christian, let's say, or Chinese, but why is it we can view this as government persecution? Well, if a government cannot provide its protection to his citizen, then in our law say the government is responsible. Counsel, how do you respond to the fact that at one of the more serious incidents involving the bus, that the police did in fact respond and gave the petitioner an opportunity to flee the scene? So does that show a lack of willingness by the government to intervene? In that particular incident, the police showed, but there's no record to show any wrongdoer were punished afterwards. Because the petitioner fled the scene at that point, he did not stay to press his case against those who had wronged him. In very, a lot of times, the Indonesian Chinese Christians, they had the personal experience with the law enforcement in their home country. They knew nothing will be done, or they knew something, sometimes they even will be asked for more money to pay. To process the enforcement of the law. So unfortunately, yes, he didn't pursue in that regard. And what's your response to the country report that talks about the government working toward resolving the tensions among the various religious groups? Doesn't that show a willingness of the government to intercede on behalf of religious minorities? Yes and no, Your Honor. The report shows that the Indonesian government is trying to do something to tolerate, to improve the intercultural, interreligion tolerance. However, in reality, sometimes the government can say something on the surface, but how much the force or the ability they can enforce their law is another story. We cannot say for sure they are not doing anything, but we are talking about the history suggested. We cannot trust the government of doing completely different than 40 years so long the history has suggested. And the point to this case is the respondent here, he had suffered harms, he has a fear to return because of his religion. At this point, I don't think he could just say, okay, I can trust the government for sure. They will protect me. Was there any disagreement from your point of view of the option that was recognized for him to go to a different part of the country where he would not face this persecution? Actually, during the removal proceeding, I think we did mention or discuss a little bit relocation issue, but he did mention that he doesn't believe in that. He did believe or he did try, but it was not working. When you say try, in what context? Went to different city to stay. In the transcript, I believe at one point he even mentioned the situation is all the same. This is an incident involving the cross? I believe that's another city that happened to him. Because it seems as if the overall context in which this is presented, I was concerned about to what extent are you perhaps maybe asking us to go against the prior Arbonne decision of the court in the law? Your Honor, actually, yes, I am asking Your Honor to do that. Because I don't think the trial judge finding was correct according to the law, according to the established standard of granting asylum application. Did you want to save some time for rebuttal? Yes. Could you please state your name for the record? I don't recall that you did that when you came up. May it please the court, good morning, Tracy Jones appearing on behalf of the respondent, Eric H. Holder, Jr. The court in this case should deny the petition for review because the petitioner failed to establish eligibility for asylum or withholding of removal. Petitioner's sole claims for relief are based on the fact that the petitioner is a Christian in Indonesia. The court or the agency properly found that the petitioner did not demonstrate past persecution. This court has held that in order to establish past persecution, there's three prongs that must be met. One, the incidents must rise to the level of persecution. Two, it must be on account of a protected ground. And three, it must demonstrate that the persecutors are the alleged, or the government is unable or unwilling to control the alleged persecutors. So the last one is the only one that's really at issue in this case, correct? Yes, that is correct. Petitioner's counsel indicated that the petitioner actually reported the incidents on numerous occasions, and that's a misstatement. According to the evidence in the record, the petitioner only reported the incidents on several occasions. One single time, and that was in April of 2001. Which incident are you talking about? That would be the incident where the petitioner was attempting to enter into a school exam and was stopped by a fellow student. And in that instance, she only, I'm sorry, the petitioner only reported the incident to the dean of students and not to the Indonesian authorities. Well, wouldn't the dean of students be an authority? So the dean did indicate that he was going to take steps. Now, as to exactly what steps were taken is unknown and is unclear from the record. So is that enough to show that the government is willing to intervene for a government official to say we're going to do something, but nothing be done? Would that be enough to show that the government is willing to protect its citizens? Well, Your Honor, in this case, there's no evidence of what was done. The petitioner did indicate that he went to and reported the incident to the dean. But the dean did say he was going to investigate. So there's no evidence in the record that he did not do that. Who would that cut against, the fact that there's no evidence in the record showing that anything was done? Would that be favorable toward the petitioner or would that be favorable toward the government? I'm not sure if I understand your question. I'm asking you, if the record is unclear as to whether anything was done, would that help the petitioner's case or would that help the government's case? Which way would that cut? Well, Your Honor, in that instance, it would be favorable to the government. Why? Because it shows that the actual authorities are able and willing to control the alleged persecutors. So is it your argument that it's enough for the government to say we're going to do something if, in fact, they don't do anything? In this case, yes, Your Honor. Why is that adequate? Because it's showing that the government is going to investigate, or has the ability and willingness to investigate. Furthermore, also, the other incidents that the petitioner alleged, there was a total of five incidents. The other four incidents, the petitioner admitted that she, that he never reported the incidents to the police or to any other Indonesian authorities. This Court has held in Babelaw v. Ashcroft that a showing of failure to report the incidents to the police could be used and considered when determining whether the government is unable or unwilling to control the alleged persecutors, and that was the case here. The petitioner never availed himself to the protection of the Indonesian government, and the agency's finding that the petitioner did not or unwilling to control the alleged persecutors is supported by the evidence in the record. It sounds to me, getting to the decisions regarding credibility, and I know we're not, you know, trying this case all over again on this appellate matter, but it seems to me consistency here that in one hand, the PIA, the immigration judge, found the petitioner credible as far as his past acts of violence towards him based on his religion, but either not credible or perhaps maybe basing it upon a legal standard that no reasonable person could have found that his future fear in that regard was reasonable. Can you help me reconcile those two, what I think to be conflicts, in my own opinion? Yes, Your Honor. Well, if I'm understanding your question correctly, the unable and unwillingness is one of the factors in determining past persecution, and the petitioner just did not show it here. The petitioner did not identify or point to any evidence in the record that shows that the government is unable or unwilling. But aren't we asking that decision be based upon an incomplete record? I mean, everyone acknowledges, following up on what Judge Rolison pointed out, that we don't know what the dean of the college did, or what the police did, or with that bus incident, we don't know what the immigration judge and PIA based perhaps mostly on the State Department reports on human rights practices in Indonesia? Yes, Your Honor. Here the petitioner has the burden to demonstrate their eligibility for relief or for protection. The petitioner just did not do so here. The petitioner did not say... So if you're acknowledging that these reports was a primary factor, for instance, in the lower decisions here, to what extent can this court look beyond those, into those reports and reliability? I guess we're foreclosed. Well, Your Honor, the court has held numerous occasions that it can look to the State Department reports in determining whether the petitioner's claim is a valid claim. And if you look in the report here, it just doesn't show that. This court has even held in Lulong that the record shows that the Indonesian government is taking concrete steps to promote interreligious tolerance. And that's the case here. But wouldn't that be simply blindly accepting the report? I mean, how do you look into the report? You know, how current is it? What's the underlying data? I don't know. I know the Crawford objection is not raised here, but, you know, it just is in the back of this child judge's mind. Well, this court has held numerous times that it can look to this report in determining the conditions in the petitioner's native country. And the agency was proper in doing so here, in looking at the report, because the petitioner did not submit any additional evidence that would rebut any of the incidents or any of the findings in the report. So is the question whether those reports are substantial evidence that supports the agency decision? Well, the findings in the report was not solely the basis for finding the fact that the petitioner was, that the government is unable or unwilling to control the alleged persecutors. The petitioner actually testified on numerous occasions that he never availed himself to the protection of the Indonesian government. So the reports just support that the Indonesian government is actually taking steps to increase interreligious tolerance. So the reports are part of what the agency can consider. Yes. But they also add other evidence. Yes. They considered the evidence in the record as a whole, not just the State Department reports. The agency also found that there was no pattern or practice of persecution against Christian Indonesians. This court has upheld and affirmed that in numerous decisions, including the long whackery and also in the court's recent decision in which the briefing was completed, the government did file a 28-J letter on that issue. The Tambulin case states that Christian Indonesians who are not ethnic Chinese are members of a disfavored group. That case is relevant here because the petitioner is actually a member of that disfavored group. However, remand in this case would be futile on that issue, because the petitioner has not demonstrated the individualized risk that is needed in order to be able to meet the objective well-founded fear of future persecution prong. Therefore, this court should deny the petition for review in this case, because the petitioner has not demonstrated past persecution or a well-founded fear of future persecution. Thank you. Thank you, counsel. I disagree with government counsel's notion that the government of Indonesia is able to control or protect the minority of disfavored group. From the government's report, it's just on the paper. There were no concrete steps or law enforcement, we know of, that to enforce their new policy, so to speak. However, from the petitioner's view, he is the person, he and his family are in that group, living in Indonesia all his life, has suffered discrimination based on their religion, suffered harm, suffered persecution. Or kind of a ridicule just because of their religion. If he didn't have suffered past persecution, he doesn't, I strongly argue that he did suffer past persecution. However, even if he didn't suffer past persecution, he still had the fear to return to Indonesia based on the experience, personal experience he had suffered. As a matter of pattern and practice, I believe the long history of the Indonesian government unwilling or unable to protect the minority disfavored group in Indonesia still suggests that there is a pattern and strongly suggests that the Indonesian government is not willing or not able to protect its citizens. Thank you.
judges: Lemelle, Gould, Rawlinson